IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Maurice Andre Broadnax, #10025-084, )<br>  ) Civil Action No. 3:06-1773-RBH-JRM<br>                    Petitioner,    )<br>  )<br>vs.                             )<br>  )<br>  )<br>M. Pettiford, Warden,          )   **REPORT AND RECOMMENDATION**<br>  )<br>                    Respondent.  )<br>  ) | |

Petitioner, Maurice Andre Broadnax ("Broadnax"), is an inmate at FCI-Bennettsville serving a sentence of 27 months imprisonment for a violation of his supervised release imposed by the United States District Court for the Western District of Virginia. He filed a pro se petition for a writ of habeas corpus on June 12, 2006, pursuant to 28 U.S.C. § 2241.[1] He asserts that the Bureau of Prisons has miscalculated his release date. Respondent filed a motion for summary judgment on August 10, 2006.[2] Because petitioner is pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on August 14, 2006. Broadnax filed his response on August 17, 2006.

**Claim for Relief**

Broadnax asserts that he is entitled to a writ of habeas corpus on the following ground:

> The Bureau of prisons (BOP) abused its discretion by denying the Petitioner's request for jail credit and nunc pro tunc designation.

---

[1]Pretrial matters were automatically referred to the undersigned pursuant to Local Rule 73.02(B)(2)(c).

[2]Respondent concedes that this court has subject matter jurisdiction and that Broadnax has properly exhausted his administrative remedies under BOP procedure.

**Discussion**

To understand and analyze Broadnax' claim, it is necessary to trace his journey through the criminal justice system. Exhibits to respondent's motion for summary judgment show:

1. Broadnax was sentenced to 13 months imprisonment, followed by a term of 5 years supervised release, in the Western District of Virginia for drug and firearm offenses on January 16, 2004.

2. Broadnax was released to supervise release on May 24, 2004.

3. Broadnax was arrested on state charges of assault an battery, abduction and kidnapping, and escape without force by a felon on November 11, 2004.

4. Broadnax was sentenced on the assault and battery charge on December 10, 2004, and he completed that sentence on February 9, 2005. He remained in state pretrial custody on his remaining state charges.

5. Broadnax was sentenced on the additional state charges on May 25, 2005.

6. Broadnax completed serving his state sentences on June 2, 2005.

7. Broadnax was sentenced to 27 months imprisonment for violation of his supervised release on June 27, 2005.

8. BOP determined that Broadnax began his sentence for the supervised release violation on June 27, 2005, gave him credit for time served between June 3, 2005 and June 26, 2005, found his eligible for 106 days of good Credit Time ("GCT"), and projected a release date of May 20, 2007.

The Attorney General of the United States, through BOP, maintains custody of federal prisoners. The Attorney General, therefore, is responsible for determining the beginning date of

custody and calculation of a release date. This includes the application of federal statutes relating to credit for time spent in custody prior to the commencement of the federal sentence. United States v. Wilson, 503 U.S. 329 (1992).

Before 1987, 18 U.S.C. § 3568 effected the Attorney General's calculation. The statute read in part:

> The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offenses or acts for which sentence was imposed.

The Sentencing Reform Act of 1984, which became effective in 1987, recodified and rewrote § 3568 into 18 U.S.C. § 3585(b). The current provision states in part:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

The statute as rewritten precludes a defendant from receiving "a double credit for his detention time." Wilson, 530 U.S. at 337. Here, the record shows that Broadnax was given credit against his state sentences for all time he is seeking with respect to his federal sentence. (See Affidavit of Ronna Pettit, ¶ 6, Res. Mem., Ex. 5). Broadnax is not entitled to "double count" these periods of incarceration against his federal sentence. Jordan v. Attorney General, 2004 WL 3541821, *4 (D.S.C. 2004).

## Conclusion

Based on a review of the record, it is recommended that respondent's motion for summary judgment be granted.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

February 13, 2007
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).